| | |
|---|---|
| FLOODBREAK, LLC,<br>        Plaintiff,<br><br>v.<br><br>ART METAL INDUSTRIES, LLC,<br>and KEVIN F. BIEBEL,<br><br>        Defendants. | C.A. No. 3:18-cv-00503 (SRU)<br><br>December 9, 2021 |

## JOINT TRIAL MEMORANDUM

Pursuant to Fed. R. Civ. P. 26(a)(3)(A), the Court's November 9, 2020 Pre-Trial Order (Doc. No. 255), and the Court's October 28, 2021 Order (Doc. No. 314), the undersigned counsel for Plaintiff FloodBreak, LLC ("FloodBreak") and the Defendant Kevin F. Biebel submit this Joint Trial Memorandum.

### I.    TRIAL COUNSEL

    **A.    Plaintiff's Counsel**

        Monte E. Frank (ct13666)
        PULLMAN & COMLEY, LLC
        850 Main Street
        P.O. Box 7006
        Bridgeport, CT 06601-7006
        Telephone: (203) 330-2262
        Facsimile: (203) 576-8888
        Email: mfrank@pullcom.com

        Edmond R. Bannon (phv09540)
        Michael F. Autuoro (phv09938)
        FISH & RICHARDSON P.C.
        7 Times Square Tower, 20th Floor
        New York, NY 10036
        Telephone: (212) 765-5070
        Facsimile: (212) 258-2291
        Email: bannon@fr.com
        Email: autuoro@fr.com

### B. Defendant's Counsel

None at this time. Kevin F. Biebel is representing himself pro se.

## II. JURISDICTION

This is an action for patent infringement under 35 U.S.C. § 271 *et seq*. and the Court properly exercised federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

## III. JURY/NON-JURY

This is a jury case.

## IV. LENGTH OF TRIAL

Plaintiff and Defendant Kevin Biebel estimate that the jury trial will require approximately 3 full trial days.

## V. FURTHER PROCEEDINGS

Plaintiff filed a motion to modify the prejudgment remedy on November 18, 2021 (Doc. No. 320) based on evidence that arose out of asset discovery. On November 18, 2021, a third-party, Diego Trust, LLC ("Diego"), also filed a motion to quash a subpoena served on Diego (Doc. No. 319). Plaintiff filed objections to Diego's motion to quash on November 24, 2021 (Doc. No. 321). Third-party Diego will file an opposition to the motion to modify the prejudgment remedy that was filed with the Court on December 2, 2021. Otherwise, Plaintiff and Defendant Kevin Biebel do not anticipate any further proceedings prior to trial.

## VI. NATURE OF THE CASE

### A. Plaintiff's Statement of the Nature of the Case

This is a case for patent infringement.

FloodBreak, founded in 2001, designs, manufactures, and sells flood barriers that sit beneath entrances, roadways, and other openings to prevent flood damage. FloodBreak owns U.S. Patent No. 9,752,342 ("the '342 patent") entitled "Flood Protection for Underground Air Vents," which issued on September 5, 2017. The '342 patent relates to innovative Mechanical Closure Devices ("MCDs") that, on threat of flooding, are operable to prevent flooding water from entering underground ventilation passages. Since at least as early as August 2015, FloodBreak has been making and selling MCDs covered by the '342 patent for use in ventilation shafts in the New York City subway system.

Defendants have directly and indirectly infringed the '342 patent. AMI has directly infringed claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent by making, using, offering for sale, and selling MCDs for installation in ventilation ducts in, at least, the New York City subway system.

Mr. Biebel has also induced infringement of the '342 patent. Mr. Biebel has aided and abetted AMI's infringement of the '342 patent, and, through his position and control of AMI, he has induced AMI to manufacture, use, offer for sale, and sell infringing MCDs. Both Mr. Biebel and AMI have also induced others, including T. Moriarty & Son, Inc., Gramercy Group Inc., Integrated Structures Corp., and the New York City Transit Authority, to sell, provide and/or use MCDs that infringe one or more claims of the '342 patent.

Defendants' infringement of the '342 patent has been deliberate and willful. Mr. Biebel knew as early as March 2016 that FloodBreak had a patent application pending on its MCD technology, and Defendants knew that the '342 patent had issued by at least October 10, 2017. Defendants chose, however, to make, use, offer for sale, and sell their MCD units with full knowledge of their infringement of the '342 patent.

FloodBreak seeks damages resulting from Defendants' direct and indirect acts of infringement, that those damages be trebled because the infringement was willful, and for its costs, expenses, and reasonable attorneys' fees.

FloodBreak's damages include both lost profits and/or a reasonable royalty. FloodBreak is entitled to lost profits damages from lost sales that it would have made but for Defendants' infringement and price erosion on its retained sales. FloodBreak is also entitled to a reasonable royalty on any sales not included in the lost profits calculation.

FloodBreak also seeks to permanently enjoin Mr. Biebel and AMI and its officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, its assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, including distributors, installers and consumers, from continuing acts of infringement of the '342 patent.

The Court entered a default against Defendant AMI. Thereafter, on June 29, 2021, Plaintiff filed a motion for entry of a default judgment against Defendant AMI (Doc. No. 308). That motion is pending. The trial is scheduled to begin on January 11, 2021 and is only against Defendant Kevin F. Biebel.

**B.      Defendant's Statement of The Nature of The Case**

Defendant Art Metal Industries (AMI) was a metal manufacturing business in Connecticut that worked from 2009 until 2021 for a number of high end hotel developers, restauranteurs, New York City Parks, and Port Authority of New York and New Jersey. Among the products manufactured and sold by AMI were mechanical closure devices (MCDs) custom designed to fit within the air vents of the New York City subway system. AMI sold its MCDs to two customers that were awarded contracts by the Metropolitan Transit Authority (MTA) as part of the Hurricane

4

Sandy relief efforts as an approved "or equal" alongside the only other approved manufacturer, Floodbreak, LLC, which also sold its MCDs as part of the same project and was awarded multiple contracts.

Plaintiff Floodbreak, LLC, a Texas limited liability corporation, commenced this lawsuit March 26, 2018, against Art Metal Industries, LLC, a now former Connecticut limited liability corporation and Kevin F. Biebel, individually, its now former CEO, alleging that Defendant AMI's Mechanical Closure Devinces (MCDs) sold as part of the Hurricane Sandy relief project, infringe Floodbreak's U.S. Patent No. 9,752,342 (the 342 Patent). In addition to accusing AMI of direct infringement of the 342 patent based on the manfacture and sale of the accused MCDs for this project, Floodbreak alleges that Mr. Biebel should be held liable individually for directly infringing because the infringement was allegedly willful and because Mr. Biebel supposedly induced AMI and its customers to unlawfully infringe.

Defendants deny that they directly infringe on the 342 patent because the accused AMI devices do not include each and every element of every asserted claim. In addition, the 342 patent is invalid and thus cannot be infringed. The 342 patent is invalid in light of the prior art that existed at the time of the alleged invention, the subject matter, as claimed in the '342 Patent, would have been obvious to a person having ordinary skill in the art to which the alleged invention relates and does not therefore constitute a patentable invention.

Even assuming Floodbreak can prove that AMI infringed, that infringement was not willful because defendants relied in good faith during all relevant times on the advice and opinions of competent counsel that was obtained by Mr. Biebel for AMI. Thus, defendant Biebel should not be held liable individually for direct infringement.

Further, Mr. Biebel should not be held liable for inducing patent infringement because at all relevant times he continued to rely in good faith on the competent advice and opinions of counsel and did not possess the requisite, specific intent to induce infringement by AMI or its customers.

Accordingly, defendant Biebel seeks dismissal of all claims against him and that the Court enter an award of attorney fees and costs in his favor pursuant to 35 U.S.C. § 285.

## VII. TRIAL BY MAGISTRATE JUDGE

Plaintiff and Defendant Kevin Biebel do not consent to a trial before a U.S. Magistrate Judge.

## VIII. LIST OF WITNESSES

    **A.**    **Plaintiff's Witnesses:**

        1.    <u>Witnesses that Plaintiff Expects to Call at Trial</u>

Louis A. Waters, Jr.
President
FloodBreak, LLC
2800 Post Oak Blvd.
Suite 5850
Houston, Texas 77056

Mr. Waters is a named inventor on the patent-in-suit and has knowledge regarding the invention and the ownership of the patent-in-suit. Mr. Waters is also knowledgeable about the manufacture, use, offers for sale and sale of the claimed inventions including damages.

Kevin F. Biebel
CEO and Principal Owner
Art Metal Industries, LLC
564 Danbury Road
New Milford, CT 06776
(475) 529-3948

Subject: Mr. Biebel has personal knowledge regarding the products accused of infringing the patent-in-suit as well as the direct, indirect and willful infringement of the patent-in-suit. Mr. Biebel also is knowledgeable about Defendant Art Metal Industries ("AMI"), its financial situation, damages and Defendants' counterclaims.

> Robert "Tucker" Murphy, Jr.
> Beach Erectors, Inc.
> 54 Alabama, Avenue
> Island Park, New York 11558
> (516) 432-5757

Subject: Tucker Murphy has knowledge regarding Mr. Biebel's knowledge and infringement of the patent-in-suit, including Mr. Biebel's inducement and willful infringement of the '342 Patent. Mr. Murphy also has knowledge relevant to Mr. Biebel's defenses and counterclaims.

> Charles F. Reinholtz, Ph.D.
> Embry-Riddle Aeronautical University
> Department of Mechanical Engineering
> 600 S. Clyde Morris Blvd.
> Daytona Beach, FL 32114
> (386) 323-8848

Dr. Reinholtz is an expert in the design and analysis of mechanical systems, and he has been retained by FloodBreak to testify to certain matters concerning Defendants' infringement of the '342 patent. Specifically, Dr. Reinholtz will explain that Defendants' making, using, offering for sale, and selling in the United States the accused MCDs constitute infringement of the asserted claims of the '342 patent. Dr. Reinholtz will also explain that FloodBreak's own MCDs are also covered by the asserted claims of the '342 patent. Dr. Reinholtz's opinions are based on his understanding of the technology at issue as it relates to the '342 patent, his analysis of

information and documents relating to Defendants' accused MCDs and FloodBreak's MCDs, and his physical inspection of a representative example of Defendants' accused MCDs.

Dr. Reinholtz is also expected to be called as a rebuttal witness to the extent that Mr. Biebel asserts that the asserted claims of the '342 patent are anticipated or rendered obvious in view of certain prior art, or are indefinite.

Dr. Reinholtz's two expert reports, and the transcript of his testimony during the prejudgment remedy hearing, provide more detail of the matters on which he will testify at trial. A list of materials on which Dr. Reinholtz intends to rely is attached as **Exhibit 1**. Dr. Reinholtz's curriculum vitae is attached as **Exhibit 2**.

> Christine Meyer, Ph.D.
> NERA Economic Consulting
> 360 Hamilton Avenue, 10th Floor
> White Plains, New York 10601
> (914) 448-4119

Dr. Meyer is an expert in the economic analysis of intellectual property, antitrust and competition issues, and the evaluation of commercial damages. Dr. Meyer has been retained by FloodBreak to testify concerning FloodBreak's damages, and the calculation thereof, resulting from Defendants' infringement of the '342 patent. Specifically, Dr. Meyer will explain that lost profit on lost sales and price erosion on retained sales are the appropriate measures of damages to compensate FloodBreak for Defendants' infringement of the '342 patent, and she will provide a calculation of FloodBreak's lost profit. Dr. Meyer's lost profit opinion is based on her analysis of the Panduit Factors, establishing a demand for FloodBreak's MCDs, the absence of non-infringing alternatives, FlooodBreak's ability to meet demand for MCDs, and the amount of profit that FloodBreak would have made absent Defendants' infringement. Dr. Meyer will also explain that, to the extent the jury determines that a reasonable royalty is the appropriate measure

of damages, and based on her analysis of the Georgia Pacific factors, the only reasonable royalty adequate to compensate FloodBreak for Defendants' infringement would be the total amount of FloodBreak's lost profits.

Dr. Meyer's expert report, and the transcript of her testimony during the prejudgment remedy hearing, provide more detail of the matters on which she will testify. A list of materials on which Dr. Meyer intends to rely is attached as **Exhibit 3**. Dr. Meyer's curriculum vitae is attached as **Exhibit 4**.

    2.    <u>Witnesses that Plaintiff May Call at Trial if the Need Arises</u>

Guy D. Yale, Esq.
Alix, Yale & Ristas, LLP
150 Trumbull Street
Hartford, Connecticut 06103
(860) 527-9211

Subject: Mr. Yale has knowledge of Mr. Biebel's inducement of infringement and willful infringement of the patent-in-suit. Mr. Yale also has knowledge relating to Mr. Biebel's defenses which demonstrates that it was unreasonable for Mr. Biebel to rely on advice from Mr. Yale relating to the patent-in-suit.

    **B.**    **Defendant Kevin Biebel's Witnesses:**

    1.    <u>Witnesses that Kevin Biebel Expects to Call at Trial</u>

Kevin F. Biebel
28 Pumpkin Hill Lane
New Milford, CT 06776

Subject: Mr. Biebel has personal knowledge regarding the long history of AMI consulting with and advising the New York City Transit Authority ("Authority") and the Metropolitan Transit

Authority ("MTA") on flood control systems, including the mechanical closure devices that are the subject of the invention claimed by the '342 Patent, as well as the proprietary mechanical closure devices of AMI that are accused by Floodbreak of infringing the '342 patent which were designed and developed on a customized basis to meet the unique needs of the New York City subway system, as well as all defenses, and the attorney fees and expenses incurred by Defendants which Defendants are seeking an award pursuant to 35 U.S.C. § 285.

> Guy Yale, Esq.
> Alix, Yale & Ristas, LLP
> 150 Trumbull Street
> Hartford, Connecticut 06103
> Telephone: 860.527.9211

Subject: Mr. Yale is a competent and experienced patent attorney, who practiced patent law continuously from 1979 until 2021. He is prior patent prosecution counsel for inventor AMI and Kevin Biebel and has personal knowledge regarding his opinions in which Mr. Biebel reasonably relied regarding the '342 patent and that in part framed Mr. Biebel's good faith belief that AMI did not infringe the '342 patent.

> David Smith
> 111 W Canyon Crest Road
> Alpine, UT 84004
> Telephone: 801.763.8484

Subject: Mr. Smith is a mechanical engineer, a registered Professional Engineer and a Certified Safety Professional. As the Vice Presdient of Alpine Engineering and Design, Inc. he specializes in new product development, product design, patents, safety and expert witness work. As an expert witness in this case, he was retained by Defendants to testify to certain matters

concerning noninfringment and the invalidity of the '342 patent, including that the asserted claims of the '342 patent are anticipated or rendered obvious in view of prior art and are indefinite.

Mr. Smith's two expert reports, and his deposition transcript provide more detail of the matters on which he will testify at trial. A list of materials in which Mr. Smith intends to rely is attached as **Exhibit 17**. Mr. Smith's curriculum vitae is attached as **Exhibit 18**.

>Yong S. Teoh
>49 Ellsworth Avenue
>Staten Island, NY 10312

Mr. Teoh is an electrical engineer and was the program design head at the MTA and is now retired. Mr. Teoh has personal knowledge of the development and use of both Floodbreak and AMI's MCDs that are relevant subject matter of this litigation.

### 2. Witnesses that Kevin Biebel May Call if the Need Arises

>Lou A. Waters Jr.
>President
>Floodbreak, LLC
>2800 Post Oak Blvd.
>Suite 5850
>Houston, Texas 77056

Subject: Mr. Waters is the inventor of the '342 patent and has knowledge of the development of that patent, as well as the manfucture and use of the subject mechanical closure devices.

Robert "Tucker" Murphy
Beach Erectors, Inc.
54 Alabama Avenue
Island Park, New York 11558
Telephone: 516.432.5757

Subject: Tucker Murphy has knowledge regarding the development of Defendants MCDs, as well as their installation by the Authority, as well as Mr. Biebel's defenses and counterclaims.

Hany Yacoub
c/o T. Moriarty & Son
63 Creamer Street
Brooklyn, NY 11231

Mr. Yacoub is an engineer with around thirty years of experience working on MTA projects. He worked with AMI for more than ten years on flooding-relating development projects and has personal knowledge regarding the development of AMI's approved equal package for the accused MCD products that the relevant subject matter of this litigation.

Christopher Taylor
c/o ARUP Group Limited
750 North St. Paul, Suite 1950
Dallas, TX 75201

Mr. Taylor is the head engineer in charge of the design group at ARUP. He has personal knowledge of the development of AMI's approved equal MCD products and worked closely with AMI on another flooding related development project in 2008-2012.

## IX. DEPOSITION TESTIMONY

Plaintiff's preliminary list of designations of prior deposition testimony, along with any counter-designations and objections thereto, is attached hereto as **Exhibit 5**.

Defendant Kevin Biebel's preliminary list of designations of prior deposition testimony, along with any counter-designations and objections thereto, is attached hereto as **Exhibit 6**.

## X.     EXHIBITS

Plaintiff's list of pre-marked exhibits to be offered at trial, and any objections thereto, is attached hereto as **Exhibit 7**.

Defendant Kevin Biebel's list of pre-marked exhibits to be offered at trial, and any objections thereto, is attached hereto as **Exhibit 8**.

## XI.    ANTICIPATED EVIDENTIARY PROBLEMS/ MOTIONS IN LIMINE

Plaintiff did not receive a draft of Defendant's initial Trial Exhibit List (Exhibit 8) until after the close of business on December 8, 2021 but has attempted to include all appropriate objections on Exhibit 8.  Similarly, Plaintiff did not receive Defendant's initial list of Deposition Designations (Exhinit 6) until after 5:30 pm on December 9, 2021, the day this Joint Trial Memorandum is due.  Under the circumstances, and with the approval of the Court, Plaintiff reserves the right to provide further objections to Exhibit 8 as appropriate and Plaintiff will provide its counter-designations and objections to Exhibit 6 as soon as possible.  Nevertheless, Plaintiff and Defendant Biebel will continue to work to eliminate any disputes without Court intervention, but expect that a few disputes will remain that must be resolved by the Court.

## XII.   STIPULATIONS OF FACT AND LAW

### A.     Stipulation of Uncontroverted Facts

Plaintiff and Defendant Kevin Biebel stipulate to the following statements of facts over which there is no dispute:

- FloodBreak is a limited liability company organized and existing under the laws of Texas.

- FloodBreak was founded in 2001 and sells flood barriers that prevent flood damage.

- FloodBreak is the owner of the entire right, title, and interest in and to U.S. Patent No. 9,752,342 ("the '342 patent") entitled "Flood Protection for Underground Air Vents."

- United States Patent No. 9,752,342 ("the '342 patent") was filed on October 6, 2014, and issued to FloodBreak on September 5, 2017.

- Louis A. Waters, Jr. is the sole named inventor on the '342 patent.

- The '342 patent relates to Mechanical Closure Devices ("MCDs") that, on threat of flooding, are operable to prevent flooding water from entering underground ventilation passages.

- The United States Patent and Trademark Office published FloodBreak's application for the '342 patent on April 7, 2016.

- The '342 patent claims priority to a provisional application filed by Louis A. Waters, Jr. on October 6, 2013.

- 

- FloodBreak has been making and selling MCDs that are used in ventilation shafts in the New York City subway system since at least August 2015.

- FloodBreak produced six (6) MCDs under a purchase order with Earth Construction, Corp. ("Earth"), pursuant to Earth's contract with the MTA (MTA Contract A-36943).

- FloodBreak produced one hundred and thirteen (113) MCDs under a purchase order with Neelam Construction Corp. ("Neelam"), pursuant to Neelam's contract with the MTA (MTA Contract 376007).

- FloodBreak produced sixty-eight (68) MCDs under a purchase order with subcontractor Gateway Demo/Civil Corp. ("Gateway"), pursuant to a contract between John C. Picone Inc. and the MTA (MTA Contract 37608).

- AMI was a limited liability company organized and existing under the laws of the State of Connecticut.

- Kevin Biebel was with AMI from 2009 until 2021.

- AMI bid against FloodBreak for a purchase order for MCDs with Beach Erectors, Inc., the purchasing agent for Railroad Construction, Inc., pursuant to a contract between Railroad Construction and the MTA (MTA Contract 31705).

- AMI bid against FloodBreak for two additional purchase orders for MCDs with Zafra Minhas, pursuant to two contracts between Zafra Minhas and the MTA (MTA Contracts 37612 and 37660).

- AMI has since 2016 produced MCDs under a purchase order with T. Moriarty & Son, Inc., pursuant to Moriarty's contract with the MTA (MTA Contract 31689).

- AMI has since early 2018 produced MCDs under a purchase order with Integrated Structures Corporation, pursuant to Gramercy's contract with the MTA (MTA Contract 37659).

- All eight MTA Contracts required that the general contractors use a FloodBreak MCD or an "or equal" of the FloodBreak MCD.

- AMI has represented to the MTA in connection with several bids that his MCD is "equal to the specified FloodBreak unit.

**B.    Agreed Statement of the Contested Issues of Fact and Law**

Plaintiff and Defendant Kevin Biebel agree that the following issues of fact and law are contested:

- Whether Defendant AMI has directly infringed claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent.

- Whether Defendant Kevin Biebel has induced infringement of claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent.

- Whether Defendant Kevin Biebel willfully infringed the '342 patent.

- Whether claims 1, 4-5, 8, 10, 14, and 20-24 of the '342 patent are invalid.

- Whether FloodBreak is entitled to lost profits damages, in the event the jury finds that the '342 patent is valid and infringed.

- The amount of FloodBreak's lost profits damages, in the event the jury finds that the '342 patent is valid and infringed.

- The amount of reasonable royalty damages, in the event the jury finds that the '342 patent is valid and infringed.

- Whether FloodBreak is entitled to an injunction.

- Whether the amount of damages should be trebled.

- Whether FloodBreak is entitled to an award of its attorneys' fees, costs, prejudgment interest and post-judgment interest.
- Whether Defendant is entitled to an award of its attorneys' fees and costs.

## XIII. TRIAL TO JURY

**(A)** **Jury:** The stipulation of uncontroverted facts will be read to the jury and no evidence need be presented on the uncontested facts.

**(1)** **Proposed Voir Dire Questions:**

Plaintiff's list of proposed voir dire questions are attached hereto as **Exhibit 9**.

Defendant Kevin Biebel's list of proposed voir dire questions is attached hereto as **Exhibit 10**.

**(2)** **Proposed Jury Instructions:**

Plaintiff's proposed jury instructions are attached hereto as **Exhibit 11**.

Defendant Kevin Biebel's proposed jury instructions are attached hereto as **Exhibit 12**.

**(3)** **Jury Interrogatories/Proposed Verdict Form:**

Plaintiff's proposed jury verdict form is attached hereto as **Exhibit 13**.

Defendant Kevin Biebel's proposed jury verdict form is attached hereto as **Exhibit 14**.

**(4)** **Proposed Case Statement:**

Plaintiff's proposed case statement is attached hereto as **Exhibit 15**.

Defendant Kevin Biebel's proposed case statement is attached hereto as **Exhibit 16**.

## XIV. AVAILABILITY OF WITNESSES

Each of Plaintiff and Defendant Kevin Biebel ensures the availability at trial, either in person or by Zoom, of each witness listed by that party that is under its control unless the Court

and the opposing party are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence. Third-parties listed by a party who are within the jurisdiction of the Court shall be subpoenaed for live testimony in person at trial or by Zoom.

## XV. **PRETRIAL REQUIREMENTS**

The requirements established by this Order may be modified only by court order, not by agreement of counsel.

Dated: December 9, 2021    Respectfully submitted.

*/s/Edmond R. Bannon*
Monte E. Frank (ct13666)
PULLMAN & COMLEY, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone: (203) 330-2262
Facsimile: (203) 576-8888
Email: mfrank@pullcom.com

Edmond R. Bannon (phv09540)
Michael F. Autuoro (phv09938)
FISH & RICHARDSON P.C.
7 Times Square Tower, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
Email: bannon@fr.com

*Attorneys for Plaintiff*
*FLOODBREAK, LLC*


Dated: December 9, 2021    Respectfully submitted.

*/s/Kevin F. Biebel*
Kevin F. Biebel, pro se